# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DARLENE BENNETT**, | ) </br> ) </br> ) </br> ) |
| Plaintiff, | ) </br> ) |
| v. | ) Civil Action No. 19-cv-3575 (TSC) </br> ) |
| **JAFNAR GUEYE,** *Acting Chief* </br> (*Operations & Regulatory*) | ) </br> ) </br> ) </br> ) |
| Defendant. | ) </br> ) |

## MEMORANDUM OPINION

Plaintiff Darlene Bennett is an employee of the United States Commerce Department's, National Oceanic and Atmospheric Administration ("NOAA"). (Compl. ECF p. 7 ¶ 1.)[1] She brought this race discrimination action against Jafnar Gueye, one of her NOAA supervisors, alleging violations of Title VII, 42 U.S.C. § 2000e *et seq.*, and the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8)-(9). (Compl. ECF pp. 1.) On April 17, 2020, the court dismissed this action, without prejudice, upon motion by the Defendant. (ECF Nos. 8, 9.) Plaintiff now moves to reopen her case, (ECF Nos. 10, 11),[2] but for the reasons set forth below, the court will deny the motion.

In his motion to dismiss this action, Gueye argued that Plaintiff could not proceed against him in his individual capacity under Title VII. (ECF No. 6.) Plaintiff responded by disavowing any claims against the agency and clarifying that her claims were only against Gueye for actions he took

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

[2] Plaintiff filed an Amended Motion to Reopen, (ECF No. 11), without seeking leave of court. Nonetheless, the court has considered the arguments raised therein.

as her supervisor.  (*See* ECF No. 7, Pls. Resp. pp. 2-4, 15; ECF No. 8, Mem. Op. pp. 2-4.)  Plaintiff explained that she was proceeding separately against the agency in another Title VII lawsuit challenging the conduct of other supervisors.  (*See* ECF No. 7, Pls. Resp. pp. 2-4, 15.)   Having clarified that Plaintiff sought to proceed against Gueye individually in this case, the court granted his motion to dismiss because an employee cannot be sued in an individual capacity under Title VII for actions taken in the course of their employment.  (Mem. Op. pp. 2-4); *see Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (citing *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991)); *Busby*, 931 F.2d at 772 (holding that "[i]ndividual capacity suits under Title VII are . . . inappropriate" because "relief granted under Title VII is against the *employer,* not individual employees whose actions constituted a violation of [Title VII]") (emphasis in original) (citations omitted); *Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (noting that "the head of the agency is the only proper defendant in a Title VII action.") (citing 42 U.S.C. § 2000e-16(c)) (some citations omitted).[3]  The court also dismissed Bennett's Whistleblower claim because it did not appear that she had exhausted her administrative remedies.  (Mem. Op. p. 4.)

Plaintiff now asks this court to reopen this case because Gueye has been promoted from acting division chief to permanent chief, and because he is a "supervisor" with the authority to take tangible employment actions.  (ECF No. 10, Pls. Mot., ECF p. 2).  But Gueye's change in status does not change this court's analysis.  Individual capacity Title VII claims are not actionable, and Plaintiff's reliance on  *Haybarger v. Lawrence County Adult Probation & Parole*, 667 F.3d 408, 417

---

[3]  Plaintiff confirms in her most recent motion that her other employment action against NOAA involves claims relating to Gueye. (*See* ECF No. 10, Pls. Mot., ECF p. 2) ("He is also named in another pending lawsuit within this same court regarding case 1:18-cv-02098.")  Because Plaintiff's other lawsuit is against the agency and she does not appear to assert individual liability claims against Gueye, that suit may proceed, providing she filed within the applicable limitations period and exhausted her administrative remedies.

(3d Cir. 2012) is misplaced because that case involved the viability of individual liability claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, not Title VII, and Plaintiff does not assert facts supporting an FMLA claim, nor did she assert such a claim in her Complaint.[4]

Plaintiff's status as a "50 year old, African American female," likewise does not warrant reopening this case because neither Title VII, nor the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, allow lawsuits against supervisors in their individual capacities. *See Smith v. Janey*, 664 F. Supp. 2d 1, 8 (D.D.C. 2009) (finding that there is no individual liability under the ADEA), *aff'd sub nom. Smith v. Rhee*, No. 09-7100, 2010 WL 1633177 (D.C. Cir. Apr. 6, 2010).  Moreover, this court previously explained that Plaintiff had not pled facts supporting an age discrimination claim, (*See* Mem. Op.  p. 4 n.30.), and none of the additional factual allegations in her motion support claims for age discrimination.

In her current motion, Plaintiff mentions the Notification and Federal Employee Antidiscrimination and Retaliation Act ("No Fear") Act, 5 U.S.C. § 2301 *et seq.*, (ECF No. 10, Pls. Mot., ECF p. 1), but she did not assert claims pursuant to that statute in her Complaint.  Even had she done so, none of "the few courts that have considered claims made under the Act . . . have found that the Act provides a private cause of action or creates a substantive right . . . ." *Beaulieu v. Barr*, No. CV 15-896 (TJK), 2019 WL 5579968, at *6 (D.D.C. Oct. 29, 2019) (citing *Williams v. Spencer*, 883 F. Supp. 2d 165, 182 (D.D.C. 2012); *Glaude v. United States*, 248 F. App'x. 175, 177 (Fed. Cir. 2007)).

---

[4]  Plaintiffs may not amend a complaint by way of responsive brief. *Smith v. Mayor*, 191 F. Supp. 3d 114, 116–17 (D.D.C. 2016), *aff'd sub nom. Smith v. Mayor, D.C.*, No. 16-7109, 2017 WL 2193615 (D.C. Cir. May 19, 2017).

Plaintiff also mentions "Personal Tort," in her motion, but this oblique reference does not satisfy Federal Rule of Civil Procedure Rule 8(a), which requires a "short and plain" recitation of *facts* supporting a plaintiff's claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citation and internal quotation marks omitted). Not only has Plaintiff not proffered factual allegations, she has not identified specific tort theories.

Lastly, although not pled in her Complaint, Plaintiff mentions the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2–1401.01 *et seq.* in her motion. Unlike Title VII, individual liability claims are permissible under the DCHRA. *See Zelaya v. UNICCO Serv. Co.*, 587 F. Supp. 2d 277, 284–85 (D.D.C. 2008) ("The D.C. Court of Appeals has interpreted the DCHRA discrimination provisions to apply to a plaintiff's supervisors in their individual capacities.") (citing *Wallace v. Skadden, Arps, Slate Meagher & Flom,* 715 A.2d 873, 888 (D.C. 1998)) (some citations omitted).

To the extent Plaintiff seeks to bring individual liability claims against Gueye for race discrimination under the DCHRA, the court denies her motion to reopen for several reasons. First, the DCHRA does not apply to employees who work in Maryland, where Plaintiff admits she was "based" and where the alleged discrimination occurred. (*See* ECF No. 7, Pls. Resp. p. 18; *Bennett v. Ross*, 18-cv-2098-TSC (D.D.C.), ECF No. 38, Pls. Resp., ECF p.11.) And even if the DCHRA did apply, it is not clear that this court has diversity subject matter jurisdiction over her DCHRA claim, *see* 28 U.S.C. § 1332, because Plaintiff is a citizen of Maryland, but she does not indicate Gueye's state of citizenship. Moreover, it is uncertain whether this court has personal jurisdiction over Gueye, *see D'Onofrio v. SFX Sports Grp., Inc.*, 534 F. Supp. 2d 86, 89–94 (D.D.C. 2008), or if venue is proper. *See* 28 U.S.C. § 1191(b).

Accordingly, Plaintiff's motion to reopen this case will be DENIED by separate order. The Clerk of the Court shall mail a copy of this Memorandum Opinion and the accompanying order to Plaintiff at her address of record.

Date: May 4, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge